KLEES, Judge.
Ralph Jerome challenges the decision of the Civil Service Commission of the City dismissing his appeal to the Commission following his termination from the New Orleans Department of Recreation (NORD).
Mr. Jerome was employed by NORD on June 3, 1985 as a Probationary Recreation Supervisor I. His duties included officiating adult basketball games. On July 31, *142 1985, Mr. Jerome and Mr. Holmes, another NORD employee, were scheduled to officiate three adult basketball games at the Lyons Memorial Center. Mr. Jerome and Mr. Holmes left the center following the first game claiming that the crowd and the players were “out of control” and that their lives had been threatened. The two wrote a letter to NORD the following day explaining the incident and their reasons for leaving. Mr. Jerome was assigned to another center to officiate adult basketball games, however, he did not report as assigned. The following day, he was terminated. He appealed to the Civil Service Commission, requesting that they review his termination.
NORD filed an Exception of No Cause of Action claiming that because Mr. Jerome was a probationary employee he had no right to appeal. Mr. Jerome answered claiming that he was entitled to an appeal under the so called “whistle blowing rule,” referring to Rule 2 § 9.1 the Municipal Code. This section provides that no employee shall be subject to discipline for giving information to appropriate authorities concerning conduct prohibited by law which he reasonably believes to have been engaged in by any person. The Commission denied the exception and proceeded to the hearing.
Jerome was a probationary employee who would not have had commission review of his discharge except for the claimed “whistle-blowing.”
He argues that the commission wrongly placed the burden of proof on him to show his wrongful discharge when Rule II § 4.4 places that burden, “as to the facts, ... on the appointing authority” except in cases of alleged discrimination. (Compare La. Const, art. 10 § 8(A).)
At the hearing, Mr.. Jerome maintained that he fit under this exception because he “blew the whistle” on Mr. Piper, the coordinator of the adult basketball league, for not running the league properly and for not providing adequate security at the games. NORD maintained that if the situation was as dangerous as Mr. Jerome described, he should have called the police.
Notwithstanding statements by the Hearing Officer that indicate he placed the burden of proof on Mr. Jerome to show that he was terminated because of whistle blowing, the record when viewed as a whole does not support Mr. Jerome’s contention that the burden was placed on him. To the contrary, the Hearing Officer stated he was persuaded by the memorandum of Mr. Jerome’s counsel and that the City had the burden to prove that Mr. Jerome was not fired because he “blew the whistle”. The commission nevertheless considered and ruled on his appeal. The appointing authority bore the burden of proving the facts that prompted the discharge, namely the two instances of not being present for assigned work.
At the commission’s hearing on this matter, two other NORD employees who were present at the Lyon’s Center on July 31, 1985 stated that they did not hear or observe the officials lives being threatened. They also testified that the conduct of the crowds and players was no more unruly than normal. Further testimony revealed that Mr. Jerome and Mr. Holmes were leaving the gym and walking to their cars at the time threats were purportedly made to them. Mr. Jerome testified that he knew he was supposed to report to the Mugrauer Center on Friday, August 2, 1985 to officiate the basketball games, however he gave no excuse for not doing so.
Had Mr. Jerome been fired for writing the letter informing the proper authority about the unlawful threats at Lyons Center the whistle-blower rule might require his reinstatement. But the record supports the commission’s conclusion that he was fired for failing to be present for work.
Accordingly, the decision of the commission is affirmed.
AFFIRMED.